949 F.2d 403
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerondio L. GUIMARI, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3388.
 United States Court of Appeals, Federal Circuit.
 Oct. 11, 1991.
 
 Before RICH, ARCHER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Gerondio L. Guimari (Guimari) appeals the November 27, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. SE08319010515, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on May 3, 1991. We affirm.
 
 OPINION
 
 2
 Guimari claimed eligibility for an annuity pursuant to 5 U.S.C. § 8333 (1988), which requires the completion of at least five years of creditable civilian service ending with at least one of the last two years in a position covered under Civil Service Retirement Law. His claim was denied by the Office of Personnel Management, and the denial was upheld by the Board for lack of evidence of the requisite amount of creditable civilian service. The AJ found that although Guimari substantiated almost two years of creditable service, his claim of additional service necessary to satisfy the five-year requirement was not supported by any evidence.
 
 
 3
 On appeal, Guimari claims that the Board's exclusion of his military service from February 2, 1942 to June 20, 1945 was in error. His informal brief refers to facts about his military service being recorded in a St. Louis, Mo. Army Reserve Personnel Center, but he does not identify any evidence submitted to OPM, the AJ or the Board to substantiate his claimed military service. The record below thus contains no evidence, aside from Guimari's own assertion, that he served in the military during the claimed dates.
 
 
 4
 We must uphold the Board's decision unless we find it to be (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Guimari bore the burden of proving, by a preponderance of evidence, his entitlement to an annuity. Cheeseman v. OPM, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). The AJ found that "[Guimari] has not submitted evidence in support of [his] claim" of military service between 1942 and 1945. Absent any evidence to support the claim of requisite creditable service, the law requires rejection of Guimari's claim of entitlement to an annuity.